IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Juliane M. Iverson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER DISMISSING ACTION FOR** |
| vs. ) | **LACK OF SUBJECT MATTER** |
| ) | **JURISDICTION** |
| Altru Health Foundation, Altru Health ) | |
| System Tax ID #45-0310462, Altru Clinic– ) | |
| A part of Altru Hospital, and Dakota ) | Civil No. 2:07-cv-95 |
| Clinic, Ltd., Tax ID #45-0345227, ) | |
| ) | |
| Defendants. ) | |

Before the Court are two Motions to Dismiss filed by Defendants Dakota Clinic, Ltd. ("Dakota Clinic"), and Altru Health Foundation, Altru Health System, and Altru Clinic ("Altru") (Docs. #14, #20).[1] After Defendants filed their Motions to Dismiss, Plaintiff Juliane Iverson, who is acting pro se, filed a 32-page document entitled "Certificate of Service" (Doc. #23). Dakota Clinic responded to Plaintiff's supplementary filing with a reply brief (Doc. #24).

Dakota Clinic and Altru have set forth substantially similar arguments in their Motions to Dismiss. Dakota Clinic has moved to dismiss on the grounds that the Court lacks subject matter jurisdiction, that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6), and that the applicable statute of limitations has run. Altru has moved to dismiss on the same three grounds, and on the fourth ground that Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a).

---

[1] Altru Health System and Altru Clinic assert that they were incorrectly designated in the complaint as "Altru Health System Tax ID #45-0310462" and "Altru Clinic–A part of Altru Hospital." For the sake of simplicity, the Court will refer to these named Defendants collectively as "Altru."

1

After reviewing Plaintiff's complaint, the Court concludes her action must be dismissed against all Defendants for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. Kessler v. Nat'l Enters., Inc., 347 F.3d 1076, 1080 (8th Cir. 2003) (quotation omitted). Subject matter jurisdiction cannot be waived by the parties, conferred by consent, or ignored by the court. Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531, 540 (8th Cir. 1970). Any party or the court may raise the issue of subject matter jurisdiction at any time. GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004).

It is well-established that the two major bases of federal subject matter jurisdiction are diversity and federal question. See 28 U.S.C. §§ 1331-1332. Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is complete diversity of citizenship. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship. Capitol Indem. Corp. v. Russellville Steel Co., 367 F.3d 831, 835 (8th Cir. 2004). For purposes of diversity jurisdiction, a corporation may be the citizen of two states, namely, the state in which it has been incorporated, and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); see also Capitol Indem. Corp., 367 F.3d at 835.

As to federal question jurisdiction, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, a federal court does not obtain jurisdiction simply because a plaintiff raises any federal question in her complaint. See Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 907 (8th Cir. 2005). Federal question jurisdiction exists only when the plaintiff's right to relief necessarily depends on resolution

of a substantial question of federal law. Id. at 906. If the asserted basis of federal question jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. Id. at 907.

In this case, Plaintiff's complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends, as required by Rule 8(a), Fed. R. Civ. P. Indeed, her approximately 70-page complaint contains few statements, if any, about the nature of the action which she has filed. Rather, Plaintiff's complaint consists of a variety of clippings from newspapers, correspondence, and documents which are apparently related to other legal claims she has made in the past, along with a photograph of herself pasted on several pages. Her complaint is assembled in the style of a collage and does not lend itself to any rational interpretation. The Court is unable to discern any coherent facts about the nature of her claims or the jurisdictional basis for her claims.

The Court has also reviewed the supplementary document filed by Plaintiff entitled "Certificate of Service." Plaintiff's supplemental materials, which apparently were intended as a response to the Defendants' Motions to Dismiss, do not provide any insight into the nature of Plaintiff's claims. Plaintiff has simply submitted another lengthy collage-style document, much like the complaint, that does not set forth any cogent statements or arguments in support of her action against the named Defendants. After reviewing all of the documents submitted by Plaintiff in conjunction with her complaint, the Court remains at a loss to determine exactly what claims Plaintiff is asserting in this case.

Despite the unintelligible nature of Plaintiff's complaint, the Court has determined there is no diversity jurisdiction in this case. Plaintiff resides in Grand Forks, North Dakota, and is a citizen of North Dakota. Defendant Dakota Clinic is a professional corporation incorporated in North Dakota. Defendants Altru Health Foundation and Altru Health System are both incorporated in

North Dakota and have their principal places of business located in North Dakota. Defendant Altru Clinic is a department within Altru Health System, not a separate entity. Because all Defendants are citizens of North Dakota, complete diversity of citizenship is lacking. Therefore, the Court finds it does not have diversity jurisdiction.

The Court also concludes it does not have federal question jurisdiction over the matter. The Court is simply unable to discern any facts or claims posed by Plaintiff's complaint, much less whether her right to relief depends on resolution of a substantial question of federal law. Because there is no basis for subject matter jurisdiction, Plaintiff's action must be dismissed as to all Defendants.

Even assuming there was subject matter jurisdiction, the Court would still dismiss Plaintiff's complaint for her complete failure to comply with any of the requirements of Rule 8(a), Fed. R. Civ. P. Under Rule 8(a), Defendants are entitled to fair notice of what Plaintiff's claim is and the grounds upon which it rests. See Gardner v. First Am. Title Ins. Co., 294 F.3d 991, 994 (8th Cir. 2002). The complaint is utterly deficient in this respect, and therefore dismissal for failure to comply with Rule 8 would be appropriate in this case. See Michaelis v. Neb. State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983) (stating that dismissal for failure to comply with Rule 8 generally should be with leave to amend, but that persistent violation of Rule 8 may justify dismissal with prejudice).

Finally, the Court notes it has already warned Plaintiff that she may be subject to sanctions if she persists in filing such facially deficient complaints. Indeed, this is the second time Plaintiff has filed a lengthy, collage-style complaint which fails to comply with even the minimal requirements of Rule 8, Fed. R. Civ. P. See Civil Case No. 2:07-cv-77. However, because Plaintiff

filed the instant complaint more than a month before the Court's order in Case No. 2:07-cv-77, the Court will not sanction Plaintiff at this time. Plaintiff is on notice, however, that the Court will not permit her to abuse the judicial process by filing frivolous lawsuits which do not fairly inform the other parties of her claims.

The Court hereby **ORDERS** that Plaintiff's action against all Defendants is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 28th day of January, 2008.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court